**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5701-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MALIK FLOWERS,
a/k/a NATHANIEL SANDERS,

     Defendant-Appellant.

_____

Submitted December 2, 2020 – Decided July 28, 2021

Before Judges Fuentes and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 07-09-1501.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Malik Flowers appeals from the order of the Criminal Part denying his second post-conviction relief (PCR) petition. We affirm.

On April 6, 2009, defendant was tried before a jury and convicted of first degree robbery, N.J.S.A. 2C:15-1, second degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a), fourth degree aggravated assault by pointing a firearm, N.J.S.A. 2C:12-1(b)(4), third degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(a),[1] and second degree possession of a firearm by a convicted felon pursuant to N.J.S.A. 2C:39-7(b).

On June 23, 2009, the trial judge granted the State's motion to impose a discretionary extended term of thirty-five years, with an eighty-five percent period of parole ineligibility and five years of parole supervision pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2(b). The judge also imposed a ten-year term of imprisonment with a five-year period of parole ineligibility on the second degree unlawful possession of a firearm by a convicted felon, to run consecutively to the thirty-five-year term.

This court affirmed defendant's conviction and sentence on direct appeal. State v. Flowers, A-2401-09, (App. Div. Aug. 5, 2013), certif. den., 217 N.J.

---

[1] Defendant committed this offense on April 17, 2007. Effective January 13, 2008, the Legislature amended the Criminal Code to make unlawful possession of a firearm a second degree offense.

588 (2014). We incorporate by reference this court's description of the evidence the State presented to the jury that led to defendant's conviction. Id. slip op. at 2 to 5. On June 12, 2014, defendant filed his first PCR petition alleging ineffective assistance of counsel. The Criminal Part assigned counsel to represent defendant and heard oral argument on March 25, 2016. The PCR judge denied defendant's first petition in an order dated May 28, 2015, supported by an oral opinion placed on the record that day. We affirmed the denial of defendant's first PCR petition. State v. Flowers, A-0683-15 (App. Div. Aug. 8, 2017), certif. denied, 232 N.J. 158 (2018).

Defendant filed this second PCR petition on November 21, 2018, more than three years after the Criminal Part denied his first PCR petition. The matter came for oral argument before Judge Sheila A. Venable on June 13, 2019. Defense counsel argued that the judge who denied defendant's first PCR petition should have recused herself because, in her then-position as Deputy Attorney for the Office of the Public Defender, defendant's trial attorney returned the trial file to her with a request that the case be appealed. In response, the prosecutor urged the court to summarily dismiss defendant's second PCR petition as untimely under Rule 3:22-4(b) and Rule 3:22-12(a)(2)(B) and (C). Alternatively, the prosecutor argued that defendant failed to establish a prima

facie case of ineffective assistance of counsel under the two-prong standard in

Strickland v. Washington, 466 U.S. 668 (1984) and State v. Fritz, 105 N.J. 42,

58 (1987).

At the conclusion of oral argument, Judge Venable found defendant failed

to provide a reasonable basis to question the impartiality of the judge who denied

his first PCR petition.  Judge Venable explained the basis of her ruling in a

memorandum of opinion in which she thoroughly reviewed all relevant caselaw

and Court Rules that codify the standard for a judge's recusal and concluded:

> The gist of [p]etitioner's claim is that trial counsel returned [p]etitioner's trial file to the future [judge], who was at that time working for the Office of the Public Defender, for the purpose of initiating an appeal. At the outset, the [c]ourt notes that there does not appear to be any documentary evidence that [the future judge] was involved in [p]etitioner's case in this capacity.  The Notice of Appeal included in the appendix to [p]etitioner's brief is signed by [an] Assistant Deputy Public Defender for the Intake Unit. [The future judge's] name does not appear on that form. Nor is it clear whether, assuming that [the future's judge] was at the time involved in this matter in some capacity, [she] was even aware of this as she presided over [p]etitioner's first application for PCR.  It does not appear that this issue was mentioned in any of the parties' briefings, and there is no record provided of the PCR hearing.  Were this [c]ourt to find that, based on the record, [the future judge] was involved in [p]etitioner's case in some capacity prior to her becoming a judge, it might be necessary to hold an evidentiary hearing simply in order to determine

whether or not [the judge] recalled her past involvement in this case while hearing the first [p]etition, in order to determine whether or not it could be inferred that this somehow compromised her impartiality.

However, nothing has been provided to the [c]ourt to suggest that the extent of [the future judge's] prior involvement in this matter raised [an] appearance of impropriety. The circumstances here suggest that there existed, "at most mere ministerial involvement by" [the future judge]. [State v. Harris, 181 N.J. 391, 511 (2004)] It appears that this simply involved receiving [p]etitioner's trial file from trial counsel and assigning appellate counsel. This, coupled with the absence of any mention of [the future judge] on [p]etitioner's appellate paperwork, suggest that her role was more perfunctory in nature, and "not the sort of personal involvement that compels disqualification." Ibid.

Against this backdrop, defendant raises the following argument:

POINT I

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF FIRST PCR COUNSEL'S INEFFECTIVENESS FOR NOT MOVING FOR THE FIRST PCR COURT'S RECUSAL DUE TO THE APPEARANCE OF IMPROPRIETY.

We reject this argument and affirm substantially for the reasons expressed by Judge Venable. Defendant did not establish a prima facie case of ineffective assistance of counsel under the two-prong standard in Strickland nor present

5

sufficient evidence to question the impartiality of the judge who denied his first PCR petition. As Judge Venable noted, the record shows "the future judge" merely performed a ministerial function when she transmitted defense counsel's trial records to the appellate section of the Office of the Public Defender. Defendant's attempt to transmute this facially innocuous act into an indicia of a conflict of interest lacks sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5701-18